Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

_____ Division

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
MAY 03 2018
ARTHUR JOHNSTON
BY_____ DEPUTY

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

David Gray

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

( See attached- page (1-a)

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.  Do not include addresses here.)*

Case No.  1:18CV152 HSO-JCG

*(to be filled in by the Clerk's Office)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

# Defendants

Hon. Mr. Phil Bryant, Governor, State of Mississippi

Hon. Mr. Jim Hood, Attorney General, State of Mississippi

Lt. Mr. Brian Richardson, Mississippi Bureau of Investigations

Mr. Christopher Freeze, Federal Bureau of Investigations

Mr. Andy Gipson, M.D.O.C. Task Force

Mr. Bill Kinkade, chairman, House Corrections Committee, M.D.O.C.

Mr. Carl Mickens, Vice chairman, M.D.O.C. Corrections

Mr. Andy Tagard, Co-chairman, M.D.O.C. Task Force

Mr. Roun S. McNeal, M.D.O.C. Corrections Committee

Mr. Anthony Lawerence, III, District Attorney, Greene Co., Mississippi

Mississippi Ethics Commission

Mr. Marshall Fisher, Former M.D.O.C. Commissioner

Ms. Pelicia Hall, M.D.O.C. Commissioner

Mr. Jerry Williams, M.D.O.C. Deputy Commissioner

Mrs. Jaquelyn Banks, Superintendent, SMCI

Mr. Andrew Mills, Warden, SMCI-1 and SMCI-II

Mr. David Turner, Former Warden, SMCI-II

Ms. Doctor G. Woodland, SMCI-II Infirmary

Mr. James Cooksey, Corrections Investigation Division, SMCI-1 and II

Mr. Houston, Corrections Investigation Division, SMCI-1 and II

Mr. Josephy Cooley, Administrative Remedy Program Investigator, SMCI-1 and II

Mrs. Captian Evans, SMCI-II

Ms. Jane Doe, SMCI-1 and 2 C.I.D.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | David Randolph Gray, # 01440 |
| All other names by which you have been known: | SMCI-2, Delta 1, A Zone, Bed # 27 |
| ID Number | Post office Box 1419 |
| Current Institution Address | Leakesville, Mississippi 39451-1419 |

City          State          Zip Code

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Mr. Hon. Phil Bryant |
| Job or Title *(if known)* | Governor, State of Mississippi |
| Shield Number | Post office Box 139 |
| Employer | Jackson, Mississippi 39205 |
| Address | |

City          State          Zip Code

☑ Individual capacity   ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Hon. Mr. Jim Hood |
| Job or Title *(if known)* | Attorney General, State of Mississippi |
| Shield Number | Post office Box 220 |
| Employer | Jackson, Mississippi 39205 |
| Address | |

City          State          Zip Code

☑ Individual capacity   ☑ Official capacity

Defendant No. 3
    Name      *Lt. Mr. Brian Richardson*
    Job or Title *(if known)*      *Mississippi Bureau of Investigations*
    Shield Number      *# 35 J.M. Tatum Drive*
    Employer      *Hattiesburg, mississippi  39401*
    Address

                City             State             Zip Code
         ☐ Individual capacity    ☒ Official capacity

Defendant No. 4
    Name      *Mr. Christopher Freeze*
    Job or Title *(if known)*      *Federal Bureau of Investigations*
    Shield Number      *1220 Echelon Parkway*
    Employer      *Jackson, Mississippi   39213*
    Address

                City             State             Zip Code
         ☐ Individual capacity    ☒ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983.  If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

*The Due Process of the 8th, 14th (1) Amendments to the U.S. Constitution, as well as Section 28 of the mississippi State Constitution - the due process clause of —.*

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Section B- The Defendants:

Defendant No. 5

Mr. Andy Gipson

M.D.O.C. Task Force

414 Holly Grove Circle

Braxton, Miss. 39044

☒ Individual Capacity ☒ official Capacity

Defendant No. 6

Mr. Bill Kinkade

Chairman, House Corr. committee

633 North State street

Jackson, Mississippi  39202

☒ Individual Capacity ☒ Official Capacity

Defendant No. 7

Mr. Carl Mickens

Vice chairman, Corrections

Post office Box 427

Brooksville, Miss. 39739

☒ Individual Capacity ☒ Official Capacity

Defendant No. 8

Mr. Andy Tagard

Co-chairman, MDoc Task Force

633 North State Street

Jackson, MISS. 39202

☒ Individual Capacity ☒ official Capacity

Defendant No. 9

Mr. Raun S. McNeal

MDoc Corrections Committee

Post office Box 1435

Leakesville, MISS. 39451

☒ Individual Capacity ☒ official Capacity

Defendant No. 10

Mr. Anthony Lawerence, III

District Attorney, Green Co. Miss.

Post office Box 1756

Pascagoula, miss. 39568-1756

☒ Individual Capacity ☒ Official Capacity

Defendant No. 11

Mississippi Ethics Commission

Post office Box 2746

Jackson, Mississippi 39225

☐ Individual Capacity ☒ Official Capacity

Defendant No. 12

Mr. Marshall Fisher

Former MDOC Comissioner

633 North State Street

Jackson, Mississippi  39202

☒ Individual Capacity ☒ Official Capacity

Section B- The Defendants:

Defendant No. 13
MS. Pelicia Hall
M.D.O.C. Commissioner
633 North State Street
Jackson, MISS. 39202
■ Individual and Official Capacity

Defendant No. 14
Mr. Jerry Williams
M.D.O.C. Deputy Commissioner
633 North State Street
Jackson, MISS. 39202
■ Individual and Official Capacity

Defendant No. 15
MS. Jaquelyn Banks
Superintendent, SMCI
Post office Box 1419
Leakesville, MISS. 39451-1419
■ Individual and Official Capacity

Defendant No. 16
Mr. Andrew Mills
Warden, SMCI-1 and 2
Post office Box 1419
Leakesville, MISS. 39451-1419
■ Individual and Official Capacity

Defendant No. 17
Mr. David Turner
Former Warden/SMCI-2
Post office Box 1419
Leakesville, Mississippi 39451-1419
■ Individual and Official Capacity

Defendant No. 18
MS. G. Woodland
Doctor, SMCI-2 Infirmary
Post office Box 1419
Leakesville, MISS. 39451-1419
■ Official Capacity

Defendant No. 19
Mr. James Cooksey / SMCI
Chief Corrections Investigation Division
Post office Box 1419
Leakesville, MISS. 39451-1419
■ Individual and Official Capacity

Defendant No. 20
Mr. Houston / SMCI
Corrections Investigation Division
Post office Box 1419
Leakesville, MISS. 39451-1419
■ Individual and Official Capacity

Page 3-C

- Section B - The Defendants:


Defendant No. 21                    Defendant No. 22
Mr. Joseph Cooley / SMCI            Mrs.          Evans
A/R/P  Investigator                 Captian, SMCI-2
Post office Box 1419                Post office Box 1419
Leakesville, MISS. 39451-1419       Leakesville, MISS. 39451-1419
■ Individual and Official Capacity  ■ Individual and Official Capacity


Defendant No. 23
Mrs, Jane Doe / SMCI
Corrections Investigation Division
Post office Box 1419
Leakesville, MISS. 39451-1419
■ Official Capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of all State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See attached pages - Section D -

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

South mississippi Correctional Institute, Area 2
From 11-2016 - to - 2017

Page 4 of 11

Page 4 (a).   Section   D. Continued:                    (1)


     On October 16th, 2016 plaintiff wrote a letter to
the "Chief Criminal Section, Civil Rights Division, U.S.
Department of Justice, 950 Pennsylvina Ave. N.W.,
Washington, D.C. informing this Department of the
unconstitutional and inhumane conditions and Criminal
activities being committed by the prison officials, as well
as by the inmates, plaintiff mailed this letter to his
cousin mrs. Barbara Dexter, 22008 Middleton Road,
Caldwell, Idaho 83605-7914 for copying and the
Original to be mailed to Chief Criminal Section, Civil
Rights Division, U.S. Department of Justice, 950 Pennsylvina
Ave. N.W., Washington, D.C. 20530, and a copy of this
letter mailed to each of the defendants listed below:


Hon. Mr. Phil Bryant              U.S. Commission on Civil Rights

Mr. Jim Hood                      624 9th St. N.W.

Mr. Bill KinKade                  Washington, D.C. 20425

Mr. Andy Gipson                   A.C.L.U. of mississippi

U.S. Commission on Civil Rights   F.B.I. Jackson, miss.

Mr. Raun McNeal

Mrs. Pelicia Hall

Mississippi Ethics Commission

Mr. Carl Mickens

Mr. Andy Tagard

Page 4 (a)    Section D- Continued:              (2)

None of the above defendants took plaintiffs' claims Serious enough to take immediate action and correct any of the inhumane Conditions and Criminal activities being committed by the Prison staff as well as the "Gang Members housed here at the MDoc/SMCI-2 prison Facility. See Statement of Claims.

On or about November 19th, 2017 the plaintiff wrote a letter to Mr. Jerry Williams, Deputy Commissioner of Institutions, 633 North State Street, Jackson, Mississippi, 39202, and plaintiff explained to him in dept detail as to the illegal activities on going here at the South Miss. Corr. Institute, Area 2 as well as the inhumane conditions, the Criminal Activities being committed constantly at this Prison Facility by both staff as well as by these Gang members on a daily basis, plaintiffs' Cousin mrs. Barbara Dexter (same as above) placed this letter to defendant Williams on or about October 12, 2017. Defendant Williams in stead of conducting an investigation himself, he sent the letter to defendant Cooksey, Chief Investigator, Corrections Investigation Division here at SMCI-Area 2. Defendant Cooksey and defendant Houston did come to see plaintiff on or about October 31st, 2017, questioned plaintiff about this letter written to defendant Williams but Nothing has been done to Correct any of these inhumane

Page 4 (a) · Section D · Continued:          (3)

Conditions and the illegal and Criminal activities
on going here at SMCI-Area 2 by Staff and these
rouge thug Gang Members. A copy was mailed to
the following defendants:

Mr. Phil Bryant          Mississippi Ethics Commission
Mr. Jim Hood          Mr. Roan McNeal
Mr. Bill Kinkade          Mr. Carl Mickens
Mrs. Pelicia Hall          Andy Tagard
Mr. Andy Gipson          F.B.I. / Jackson, Miss.
U.S. Commission on civil Rights

     All of the above named defendants have failed
to Correct any of the inhumane Conditions and the
Criminal Activity on going by the Prison Guards as well
as by these gang members here at MDOC/SMCI, Area
2 in Violation of plaintiffs' 8th, and 14th (1) Amendments
to the U.S. Constitution, as Well as Section 28 of the
Mississippi's Constitution. (See statement of Claims.)
None of the prison staff that Works at SMCI, Area 2
is not trust worthy, they are corrupt!

     Plaintiff filed a grievance (also known as a "Administrative
Remedy Procedure - A/R/P") and turned it in to the Inmate
Legal Assistance Program / ILAP on September 6th, 2017 Concerning

Page 4 (a) - Section D - Continued                    (4)

Why was plaintiff being punished by being housed in a
unit ( C-1) that had been placed on Lockdown Status, being
denied the privileges plaintiff had earned as a "Medium out
Restricted B-Custody inmate, denied all privileges associated
with this Custody level when plaintiff has not received a Rule
Violation Report ( R.V.R.) Since September 11th, 2011. Defendants
Jacquelyn Banks nor Andrew Mills gave this plaintiff an adequate
explanation as to why he was being deprived of the privileges
he had earned as a M.O.R.B. Custody inmate when in fact
plaintiff has not received a R.V.R. to have his privileges
taken from him, "No R.V.R. Since 9-11-2011."


Defendant Joseph Cooley, mr. Cooley is the A/R/P
Investigator/Administrator of the A/R/P program here at
SMCI, Area 2. On November 8th, 2017 plaintiff wrote a
letter to defendant Cooley, mailed this letter on 11-8-2017
through the I.L.A.P. office to defendant Cooley requesting
information as to why plaintiff had not received a response
to the A/R/P plaintiff filed through the I.L.A.P. office
about the brutal assault on plaintiff by inmate Roy
Lee (Not Christopher Hudson), mr. Cooley never
responded to plaintiffs' letter dated 11-8-2017. Plaintiff
never received step one or step Two to this A/R/P filed
by plaintiff on August 8th, 2017.

Page 4 (a) - Section D - Continued          (5)


On October 29th, 2017 plaintiff wrote defendant
Jacquelyn Banks a letter, sent her a hand written copy
of the A|R|P filed by plaintiff on 8/8/2017 explaining to
her about the A|R|P programs' failure to adequately
process this A|R|P, defendant Banks returned this letter
and hand written A|R|P to plaintiff with a notation
written on page one that all A|R|P's must be processed
through the I.L.A.P. office, plaintiff had already done this.
If defendant Banks would have done a investigation she
would have discovered plaintiff had already done this per-
policy.


Defendant Caption _____ Evans: On the early morning
hours of July 21st, 2017 defendant Evans was in the Guard Tower
inside of unit C-1 when inmate Roy Lee brutally assaulted
plaintiff. Plaintiff went to the guard tower on B-Zone
Side of unit C-1 and informed her that he had just been
brutally assaulted by (by at that time plaintiff thought
it was inmate Christopher Hudson) but later found out
that it was inmate Roy Lee. Defendant Evans told
plaintiff to go to the Infirmary. Plaintiff did but
before plaintiff exited the zone plaintiff told
defendant Evans that the Administration was going
to move him out of unit C-1 that day, she had plaintiff

Page 4 (a) - Section D - Continued      (6)


moved from unit C-1 to unit B-1, another unit on lock-
down where the Gang Violence was completely out of
control when in fact plaintiff had done nothing wrong
to be housed in such a unpoliced unit by SMCI-2 staff.
Defendant Evans did not do any kind of an investigation,
did no incident report, wrote no Rule Violation Report
on inmate Roy Lee per M.D.O.C. Policy No. 18.01-01, page 14,
C-8. for the brutal assault perpretrated by inmate Roy
Lee on plaintiff.


   On the early morning hours of July 21st, 2017 plaintiff
saw warden and defendant Turner in the infirmary and
defendant Turner did see plaintiffs' face. Plaintiff had
in the past written letters to defendant Turner about the
amount of Contraband in unit C-1 on B-Zone and the
high level of gang assaults happening on B-Zone,
Nothing was never done about it, so defendant Turner
knew plaintiff. Plaintiff did request to talk to him
about the brutal assault perpretrated upon plaintiff
by inmate Roy Lee but defendant Turner brushed
plaintiff off and would not speak with plaintiff even
after he had seen the horrible condition plaintiffs'
face was in. Defendant Turner was in violation of M.D.O.C.
Policy No. 03-01.

Page 4 (a) - Section D - Continued    (7)

On September 17th, 2017 plaintiff wrote defendant Houston a letter requesting any information that he could provide plaintiff with Concerning the brutal assault perpretrated on plaintiff by inmate Roy Lee. Shortly after the assault, maybe on July 22nd, 2017 defendant Houston and defendant Jane Doe Came to see plaintiff, defendants Houston and Jane Doe was suppose to have been investigating the brutal assault on plaintiff by inmate Roy Lee ( but at the time of the assault plaintiff thought it was inmate Christopher Hudson ) but later found out it was not inmate Hudson, instead it was inmate Roy Lee. When plaintiff found out that It was not inmate Hudson and that it was inmate Roy Lee plaintiff wrote defendant Houston and informed him of this newly discovered evidence but defendant Houston Called unit D-1 Case manager Mrs. Brenda Bibson, had her call plaintiff to her office and relay a message by defendant Houston "that he didnot work for me and was not obligated to tell me anything. It was defendant Houston that told plaintiff that after re-reviewing plaintiffs Medical file he was sure he had enough evidence to present to the Greene County District Attorney to get "aggravated assault charge" brought against inmate Roy Lee, this is what plaintiff's letters on 9-17-2017 and

Page 4 (a) - Section D - Continued      (8)

on October 10th, 2017. The morning plaintiff placed
defendant Houstons' letter in the mail on 10-10-2017
it was later this the same day Unit D-1 Case Manager
Mrs. Brenda Gibson called plaintiff to her office
and relayed defendant Houstons' message about him
not working for the plaintiff, defendant Houston
never spoke to the Greene County District Attorney
about charges being filed against inmate Roy Lee
for the unprovoked brutal assault he perpertrated
upon the plaintiff on July 21st, 2017.

Defendant Cooksey: Shortly after defendant Williams
received the letter I had written to him in the month of
September 2017, defendants Cooksey and Houston did come to
see plaintiff on October 31st, 2017 to discuss the letter
plaintiff had written to defendant Williams. This conversation
was suppose to have been allegedly recorded but it just so
happened the batteries in defendant Cookseys' recording
device was dead, be as it was the conversation
was not recorded. Not much was said, nothing was
or has been done by chief Investigator and defendant
Cooksey pretaining to the letter and contents written
to defendant Williams in the month of September 2017.

Page 4 (a) - Section D - Continued                    (9)

Defendant Fisher : On January 29th, 2017 plaintiff wrote
a letter to defendant Fisher - Former M.D.O.C. Commissioner
and explained to him about all of the illegal activities
on going here at SMCI-2, placed this letter in the mail to
defendant Fisher on January 30th, 2017. The day plaintiff
placed this letter in the mail to defendant Fisher defendant
Bryant assigned defendant Fisher to head the Department
of Public Safety. Defendant Bryant then named defendant
Hall as the New acting M.D.O.C. Commissioner. On February
8th, 2017 plaintiff changed the Heading of this letter
written to defendant Fisher and addressed the exact
Same letter to the New M.D.O.C. Commissioner and
defendant Pelicia Hall, placed this letter in the mail to
her on February 8th, 2017. Never got a response and
nothing was ever done Concerning the contents of this letter.

Defendant Hall: On September 13th, 2017 plaintiff wrote
defendant Hall a letter informing her once again about the
amount of Contraband here at SMCI-Area 2, as well
as questioned her about why plaintiffs privileges was
being taken from him. Defendant Hall never responded to
plaintiffs letter to her dated September 13th, 2017, plaintiff
also informed defendant Hall about the level of gang violence
on going here at SMCI, area 2 in unit C-1, B-Zone as well as in
Unit B-1, A-Zone, No changes have been made.

Page 4 (a) - Section D - Continued          (10)

Defendant Lawerence:   Back in the year of 2012
plaintiff was housed in unit 8, C custody. In or around
the Month of May 2012 three Vice Lords brutally assaulted
plaintiff, plaintiff did require medical attention. Plaintiff
wrote defendant Lawerence informing him of this gang
assault and did request that his office do an investigation
and if possible prosecute these three (3) gang members
under the R.I.C.O. Act. Defendant Lawerence never
responded to this letter.
     On October 18th, 2017 plaintiff Wrote to defendant
Lawerence about the brutal assault upon plaintiff by
inmate Roy Lee, the lies defendant Houston, Investigator,
C.I.D. here at SmcI, area 2 told plaintiff about presenting
evidence to defendant Lawerence and to secure an
indictment against inmate Roy Lee for the brutal assault
he perpretrated upon plaintiff on July 21st, 2017. Defendant
Lawerence never responded to this letter. Nothing has been
done to inmate Roy Lee for the brutal attack and assault
upon the plaintiff on July 21st, 2017. Plaintiff asked de-
-fendant Lawerence if defendant Houston had discussed
with him the possibilities of securing an indictment
against inmate Roy Lee. Defendant Lawerence never
responded to this letter. Nothing has been done to inmate
Roy Lee for What he did to plaintiff on 7-21-2017.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.      What date and approximate time did the events giving rise to your claim(s) occur?

"See Statement of Claims and Facts attached "

D.      What are the facts underlying your claim(s)? *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

"See Statement of claims, Facts - attached."

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Broken Nose, huge laceration above left eye, fracture under left eye socket. X-rays was taken, a Special Kind of Medical tape or Super Glue was used to pull together and hold together the huge laceration above plaintiffs' left eye.

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

( See Page (s) 5 (B) - VI attached.)

Page 5, (a), Section IV. C, and D.                    (1)


   The events described here after transpired from late
2016 up until September 2017. All of the facts, claims,
dates, the things that happened to plaintiff, who did what,
what they didn't do and who saw, and didn't see, all facts
claims, and dates, are intermingled due to the course of
events. Below plaintiff states his facts and claims:


        " Statement of Claims, and Facts "


   Before plaintiff gets started plaintiff wants to let the
Court know he is Bi-Sexual. There is a possibility that this
fact may come out at some point and time throughout these
proceedings, this way this fact will be no surprise to the
Court. This will be brought up when plaintiff explains the
facts about the assault on plaintiff on July 21$\underline{st}$, 2017.


            Paragraph  One


   Plaintiff has been housed here at SMCI-2 since
October 2008. Out of these 9½ years never has the
conditions of this prison facility been so deplorable.
Staff smuggling huge amounts of contraband, i.e.

Page 5 (a)   Section IV, C and D - Continued          (2)

Cell phones, cell phone chargers, tobacco, spice, marijuana, Meth, Ice, power cocaine, crack cocaine, free world alcohol, and no telling what else. Due to the huge amounts of tobacco, and spice, as well as Ice, the staff sell these drugs to the inmates, in return the inmates sell it to the inmates and when the inmates cannot pay for these drugs - usually it is gang members the inmate(s) are in debt to, when the inmate cannot pay the gang members brutally assault the inmate and stomp, kick, and hit the inmate into a bloody disfigured mess. Plaintiff has seen this many of times. When the inmate knows he cannot pay some try to "catch out," try to get moved to keep from being brutally assaulted by the gang members. Sometimes the staff will move the inmate, at times they force the inmate to go back on the zone with the full intent of knowing what the gang members is going to do to the inmate. Often times they let it be known the inmate tried to catch out, only adds fuel to the brutal assault. Cell phones, this prison system is floating in them here at SMCI-2. When the K-9 unit comes to the unit to do random security checks and shake downs, when cell phones are found the administration puts the unit on Lock Down, the K-9 unit finds tobacco, an assortment of drugs amoung other contraband. Not all inmates violate prison rules by peddling in contraband yet because of the contraband the staff smuggle in, sell it to the organization members, between the gang assaults, even the killing of inmates, the administration punishes the entire unit because of their illegal

Page 5 (a)   Section IV C, and D continued     ( 3 )

activities the inmates who violate no prison rules and
regulations are punished. Plaintiff being one of these inmates.
Plaintiff has been incarcerated since June 3rd, 1982 and Knows
more about how the Prison System is suppose to operate than
these Gang member Prison Guards do. The Classification
System does not screen these violent gang members, they
just assign them a bed and when they clique up they
dictate what goes on on the zones, hold their gang
meetings, making all non-affiliated inmates go to the
other side of the zone, doesn't matter if the inmate is
asleep or not, they wake him up, if he refuses to get up
and go to the other side of the zone they beat him un-
mercifully letting the others Know if they refuse to comply the
same will happen to them, and usually the guard tower
officer allows these gang meets to take place. With all
of the gang violence on going at this prison facility the
local Community has gotten word Via the local news,
from family members that work here at SMCI-2, from
inmates housed here, No One Wants to Work at this
prison facility, most every day SMCI-2 is Short on
Staff, due to this fact the inmates may and may not
get their one (1) hour out side recreational yand call.
Plaintiff is a Dining Hall Worker, 95% of the time
it is the inmates that run the feeding of the inmates,
no supervisors to supervise the feeding of the inmates.

Page 5 (a)  Section IV  C, and D Continued:      (4)

## Paragraph Two:

In the month of July 2017 plaintiff was at that time
working the breakfast shift under defendant Evans
Supervision. One morning around maybe July 16th, 2017
plaintiff had some smoked Turkey sasuages he wanted to
fry on the hot plate grill. Nearly every morning certain
inmates were allowed to cook on grill #4 (usually these
inmates were a part of a clique) but on this certain
morning plaintiff asked inmate Glenn _____,
if it would be ok if he cooked his 3-4 sasuages, he said
to go on ahead and turn eye one on and let that particularly
part of the plate gets hot, cook them and clean the grill
up. Well plaintiff did this but when inmate Robert Ludgood
saw plaintiff cooking on grill 4 he began to tell plaintiff
No one will be cooking on the grill today as if he owned
the grill. Plaintiff told inmate Ludgood, "oh, it is ok
for others to cook on the grill but I can't, next
thing plaintiff knew inmate Ludgood grabbed plaintiff
by his head (arm around plaintiffs neck) and hit plaintiff
3 times in the top of his head. Ludgood was under the
influence of alcohol. only days before this incident
happened plaintiff stood at the back of serving line
3 and saw inmate Ludgood take out of the cab of

Page 5 (a)   Section IV C, and D   Continued:   (5)

the food truck coming from Central Kitchen huge amounts
of Contraband, plaintiff saw inmate Ludgood receive large
quanities of Contraband through the food truck on de-
fendant Evans shift. Plaintiff wasn't going to say anything
until inmate Ludgood assaulted plaintiff that morning in
the back of the dining halls. Plaintiff did report this to
defendant Evans. Plaintiff wrote to defendant Turner
and told him about what he saw inmate Ludgood receiving
off of the food delivery truck, nothing was done about this.
It is Contraband such as inmate Ludgood was getting in
via the early morning breakfast food truck that causes
the inmates to be placed on Lockdown. Inmate Ludgood
was allowed by the staff to move about the Compound
freely selling Cell phones, cell phone chargers, tobacco, Spice,
Marijuana, Meth, Ice, Powder and Crack Cocaine as well
as free world alcohol unimpeded. Then on July 21st, 2017
plaintiff was woken up out of his sleep at approximately
1:30 AM by inmate Roy Lee (at that time plaintiff thought
it was inmate Christopher Hudson but later found out it
was inmate Roy Lee, he insisted that he talk to me,
plaintiff said to inmate Roy Lee Can't it wait, I have
got to get up in about one hour and go to work, he
insisted on talking to plaintiff right then, plaintiff
asked him again "Can't it wait til I get up?" He said

Page 5 (a), Section IV C and D Continued     (6)

No, I need to talk to you now, So plaintiff sat up on the edge of his bed ( note that in the area where plaintiff slept it was very very dark, plaintiff did have sheets hanging up around his bed area so it was very dark, plaintiff slept all the way in the back of the zone (B) in unit C-1 on bed #175, as plaintiff sat up on the side of his bed before plaintiff could open his eyes good - shake the cob- webs out of his head inmate Roy Lee stepped up to plaintiff and began a vicious and brutal assault upon the plaintiff. breaking plaintiffs' nose, causing a huge deep and wide laceration above plaintiffs' left eye and causing a fracture under plaintiffs' left eye. Inmate Roy Lee hit plaintiff multiple times in his head. Plaintiff does not know if inmate Roy Lee had any kind of a device or weapon in his hands, when inmate Roy Lee broke plaintiffs' nose it threw plaintiffs coornadition completely off. By the time inmate Roy Lee was through plaintiffs bed area was a bloody mess. Plaintiff had blood all over him, he went and took a shower, went back to his bed area, got dressed and started packing his things, the Administration was going to move plaintiff out of that zone and building before plaintiff did something very

Page 5 (a)  section IV C, and D continued:  (7)


badly he surely would not have regreted against inmate
Roy Lee. As plaintiff was packing his things he was
talking to the inmate that slept on bed #177, Glenn
_____, the same Glenn that worked in the
dining halls with plaintiff, he told plaintiff that defendant
Evans was in the guard tower there in C-1, how
Convient - because plaintiff had wrote to defendant
Turner and pleaded with him to bring a shake down crew
down to unit C-1, B-Zone and get all of them cell phones
and other contraband out of the zone so plaintiff would
not be punished because of the contraband the staff was
smuggling in that was causing gang assaults on the
inmates, K-9 coming to the unit, doing random security
checks, and shakedowns, finding contraband and thereby
Causing the corrupt Administration to keep the unit
on lock down. Strange that defendant Evans just so
happened to be in the Guard Tower in C-1 when inmate
Roy Lee brutally and viciously assaulted plaintiff.
Plaintiff was told by other inmates that was on B-Zone
with plaintiff that the lie Roy Lee was going to tell
the guards that I was sitting on the toilet, he came
into the rest room to urinate and as he walked by
plaintiff plaintiff touched him on his buttocks - which

Page 5 (a)   Section IV C, and D continued   (8)

Was a lie. Plaintiff was later told that the reason
inmate Roy Lee did what he did to plaintiff was
because plaintiff had written to the folks about the
Cellphones that was on the Zone and that inmate
Roy Lee was paid by the Coward gang members to
do what he did to plaintiff. Defendant Evans
told plaintiff to go to medical to which plaintiff did,
everything inmate Roy Lee did to plaintiffs face is
documented in the Computer in the infirmary by
Doctor/defendant Ms. B. Woodland. Defendants Turner,
Houston, and Jane Doe also saw the condition of plaintiffs
Face. Other medical staff also saw the brutality of
what inmate Roy Lee did to plaintiffs face. Note that the
plaintiff was 63 years old at the time of this
brutal and Savage and vicious attack on the plaintiff
by inmate Roy Lee. Plaintiff had the nerve to speak up
about the unconstitutional conditions being imposed
not only upon plaintiff but many other inmates who had
nothing to do with the Contraband on the Zone (B) in
unit c-1, who leaked out the word about the letters
plaintiff was writing to the Administration about the
amount of Contraband on the Zone plaintiff does not
Know but It almost cost him his life.   →

Page 5 (a)   Section IV   Section C, and D Continued:   (9)

Defendant Evans rather than her moving plaintiff to
either unit D-1 or to 0-2 she moved plaintiff to
unit B-1, A-Zone, a unit that had been on lock down
for atleast 6 months and a unit infested with Gang
Bangers on A-Zone. Many inmates were brutally assaulted
by gang members and the Administration did nothing
to the gang members. Defendant Evans moved plaintiff
to unit B-1 A Zone as a form of her punishment,
punishment because plaintiff had written to defendants
Hall, Williams, Banks, Turner, and Cooksey and told them
that the Bulk of the Contrabend is coming in on
the breakfast food truck on defendant Evans shift.
Defendant Evans cannot say or claim she did not
Know this inmate Ludgood was receiving this Contrabend,
he was getting it in on her Watch/shift. Defendant
Evans has threatened plaintiff since the 7/2/2017
incident. Plaintiffs' Son got moved from the George
Co. Corr. Facility to smcI-2 and the Administration
moved plaintiff out of unit B-1 to unit 0-1 where
plaintiff is housed now but when Defendant Evans
discouvered that plaintiff was housed in 0-1, one morning
as plaintiff was coming back to his housing unit after
eating breakfast his son was standing in dining hall door
1 motioning for plaintiff to come over to where he was

Page 5 (a) Section IV C, and D continued:   (10)

at and plaintiff shook his head side ways and pointed to
defendant Evans standing on the back porch. When
she saw plaintiff pointing at her she made all kinds
of negative threats to plaintiff stating that she did not
know what plaintiff told the folks to get out of B-1, and
that plaintiff best watch himself because he did not
want to cross her. Just goes to show she had
plaintiff moved to unit B-1 A-zone full of gang members
as a means of punishment hoping the gang members
in unit B-1 on A-zone would gang bang plaintiff. Since
the incident that happened to plaintiff on 7/21/2017 she
has not called plaintiff back to work on her shift,
futher belief to plaintiff that she is the one that
had inmate Roy Lee to assault plaintiff the way he
did because plaintiff wrote to nearly all of the
defendants telling them the contraband is coming in
on her watch/shift and that it most likely was port
hers. She is dirty and corrupt and a organization
member herself (a gangster).

(Paragraph Three)

Plaintiff has done all he knows how to do to bring
attention to this prison facility and the illegal and

Page 5 (a) Section IV C, and D continued: (11)

unconstitutional and inhumane conditions on going
at this prison facility being perpretroted upon the in-
mates by these corrupt Staff members and these
Gangs that is out of control. This is why No One
Wants to work at this prison facility. The Level of
gang violence is out of control. They are beating
inmates so bad they are dying and the Administration
lies about what has happened to them. SMCI-2
Stays short on staff to adequately operate this prison
facility. The staff openly allow inmates to run the
Compound selling their drugs. Inmate Ludgood was
shook down, all kinds of contraband was found in
his locker box, all the staff did to him was move
him from unit B-2 to unit A-2. He is still allowed
to roam the Compound selling drugs, still wroking
in the dining halls, plaintiff did nothing wrong to lose
his job in the morning yet Ludgood Steals all kinds
of food items out of the dining halls, nothing is done
to him. SMCI-2 staff do not adhere to M.D.O.C. Polices,
especially when it comes down to classification of the inmates,
inmates that are classified to work in the dining halls cannot
work because the staff have the Gang members up there
running from unit to unit selling their drugs. This
a corrupt system and it is going to take the Federal

Page 5 (a)   Section IV C, and D Continued:   (12)

Court to straighten it out. The over all conditions at SMCI-2 is appalling. On February 3rd, 2018 a major shake down was conducted at SMCI-2. To verify plaintiffs' Claims and facts about the amount of illegal Contraband found inside of these prison fences issue an order for M.D.O.C. to produce its' report With pictures. During the process of the Shake down two (2) female staff Members was Caught with Contraband (illegal) on themselves. Regardless of the amount of illegal Contraband found during this shake down it has not Slowed down the amount of Contraband Coming into SMCI-Area 2. The Corrupt Prison officials is still Smuggling it in. There is no shortage of tobacco or drugs at SMCI-2. The back area of the dining halls is not fit to feed dogs out of, M.D.O.C. Cannot Say it Meets Federal or State Code, the entire Prep Room is in shambles, no way to sanitize the food trays, Mere washing food off the food trays does not Meet Federal or state Code. There
is inmates at this prison facility with full blown Aids, amoung other life threatening diseases. 90% of the pressure Washers does not Work, the food heating boxes does Not Work, the Prep Room in Area 2 Dining Halls is a Pig Pen. A unannounced inspection will verify this.
   Referring back briefly to the brutal and vicious attack on plaintiff on July 21st, 2017, inmate Glenn _____ that slept on bed 177 in C-4, B-Zone Saw

Page 5 (a)    Section IV C, and D Continued:    (13)

inmate Roy Lee leave right after he brutally and viciously assaulted plaintiff. He is one of the inmates that told plaintiff he had the wrong man. Inmate Glenn _____ did not say it was Roy Lee but did say plaintiff had the wrong man - referring to inmate Christopher Hudson.

   In September of 2017 plaintiff was transported to Hattiesburg, Mississippi to see a Ear, Mouth, and throat specialist to determine whether bone reconstructive surgery would be required. A Cat Scan revealed that reconstructive bone surgery would not be required. Plaintiff reset his nose within less than 5 minutes after seeing it knocked far to his right side of his face, it hurt but it was something that had to be done.

   All of the above stated claims and facts can be verified if the Federal Court will get involved. Many many many witnesses will testify to that everything the plaintiff has alleged is indeed true and fact!

   End of statement and claims and facts.

                        s/ David Gray, #01440

Page 5 (B) Section VI ( Relief)                    (1)

Federal Employees:    Federal Employees are acting under Color
                      of Federal Law.


State Employees:      State Employees are acting under Color
                      of State Law.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


## ( Relief Requested )


(1)       Plaintiff request Appointment of Counsel due to
the Complex issues of this case to include the neglect
of Certain Heads of State, as Well as Federal. (See
Motion For Appointment of Counsel attached.)


(2)       Plaintiff request that this Honorable Court take
into Consideration the age of Plaintiff When Considering
the magnitude and degree of the brutality and viciousness
of the assault upon plaintiff by inmate Roy Lee.


(3)       That the defendants failed to take this fact into
Consideration, didnot follow M.D.O.C. Policies and Procedures, by
not doing a incident report, did no investigation, or write
inmate Roy Lee a Rule Violation Report pursuant to
M.D.O.C. Policy 18-01-01, page 14, C-5; defendants
Hall, Williams, Banks, Turner, Cooksey, Houston and Evans took
No steps to investigate and get to the truth as to Why
inmate Roy Evans brutally assaulted plaintiff on July
21st, 2017 at approximately 1:30 Am.

Page 5 (B) Section VI   (Relief-Continued)    (2)

(4)        Plaintiff request this Honorable Court to hold each defendant accountable for the dilapidated conditions of SMCI-2, not adequate staff to properly operate the daily functions of this prison Facility, e.g. lack of guards, failure to Curb  Via the M.D.O.C. Classification Department to screen inmates Concerning whether or not they are gang affiliated, their history of gang violence before placing them in a housing unit among Men who are non-violet and are well up in their years of age such as plaintiff, and that M.D.O.C./defendant Hall through the classification Department, henceforth screen each inmate to determine whether or not they are gang related, and their level of gang participation violence and if they have a history of such then they be sent to a prison Facility (Mississippi State Penitentiary) Unit 29 lockdown and place these violent inmates under close-Confinement Observation to determine whether or not they can be released back into the General Prison Population. This close-Confinement Observation period be up to the M.D.O.C. Classification Committe Officer, i.e., unit Case Manager.

(4-a.)   if the inmate is released back into the General Prison Population and he engages in any kind or type of gang activity he be returned to Unit-29, or unit 32 for a period not to exceed five (5) years (or)

Page 5 (B) Section VI ( Relief Continued ( 9)

until the unit classification officer deems that the inmate no longer poses a Security Threat to the inmate population.

(5)    That through the Governor's office, whatever steps needed to be taken more funds be allocated to M.D.O.C. to hire and train additional guards even if it requires raising their Salaries as well as their benifits to guarantee them a promising future in the Filed of Corrections, (and if they are gang related to any organization they not be hired by M.D.O.C. to work as a Prison Guard.)

(6.)    (Privileges) That M.D.O.C./defendant Hall make sure that any and all privileges earned by a inmates classification Custody be it daily out side recreation 5 days a week Weather premitting, his visitation, access to phone use daily, his Canteen privilege, the right to participate in religious services, or any other privilege the inmate may have earned (minus any disciplinary sanctions for violoting prison rules/regulations the inmate not be denied his privileges he has earned through good behavior just because other inmates have violated prison rules, punish the violators, not the Non-violators.

(7.)    M.D.O.C./defendant Hall and Banks be directed not to place anymore Prison Units here at SMCI-Area 2 on

Page 5 (B) Section VI (Relief-Continued)   (4)

lock down because of the conduct of the Prison staff by smuggling in drugs, selling it to the inmates mainly the gang members, causing a disruption of the orderly operations of SMCI-Area 2, if the inmates violate prison rules/regulations the proper investigation be conducted, only the inmates involved be punished according to M.D.O.C. Policy and Procedures. If the inmate needs to be removed from the general prison population and be detained in a single cell the appropriate Detention Notice be filed, any incident reports that may need to be filed, as well as any subsequent Rule Violation Reports and let the Disciplinary Process take its' Course.

(8)   The Process of Feeding the inmates:
M.D.O.C./defendants Bryant, Hall, Williams, and Banks issue the appropriate Orders that the SMCI-2 Dining Halls-Prep-Room Area Be Sand Blasted, repainted, all defective appliances be replaced, all defective plumbing be repaired, all pots and pans be replaced (on March 28, 2018 New food trays), new Serving utensils, all heating tables be replaced or repaired, if the SMCI-2 Administration intends to continue to feed inmates in their housing units they be ordered to buy the proper Stainless Steel Heat Carts to cart the food to their Housing units, place fans in the Prep-Room Serving Area of the Dining Halls or the appropriate A/c be installed in the Prep Room Area and that some kind of Roach and Fly control be

Page 5 (B) Section VI (Relief-Continued)   (5)

installed in the Prep Room Area as a insect control. The appropriate Food Supervisors placed in the Prep Room Area in Area 2 to supervise the inmate workers and not inmates supervising the feeding of the inmates. The Food Truck coming from the Central Kitchen be searched each time food is brought from the Central Kitchen to assure No Illegal contraband is being smuggled from the Central Kitchen by the Food Truck service employees, be searched by a Correctional officer that will do his job and if he fails to do his job he be fired immediately. And defendant Evans, and all dining hall staff be replaced, they all are corrupt - having inmates deal their drugs, the dining hall workes, i.e. gang members! The dining halls be scraped of old paint to help rid them of Mold growing inside of them. All locks on all 4 dining halls be replaced - outside doors No inmate be allowed to work in the Prep. Room / Dining Halls Area- 2 if he is not classified to work in it if he is not classified by the M.D.O.C. / SMCI-2 classification officer and any staff member that deviates from this policy be removed permanently from working the Dining Halls / Prep Room Area. The proper tray washing machines be installed in the Prep-Room Area to adequately wash and sanitize the new trays as well as the Hand Trays, mere washing the food off the trays with luke warm tap water is not sufficent enough to clean and sanitize the trays.

Page 5 (B) Section VI (Relief-Continued)   (6)

(9)    M.D.O.C/SMCI-2 impliment some kind of means for the
Correctional staff here at SMCI-2 be screened for the
possible smuggling in illegal contraband- or any other
contract employee entering on to SMCI-2 Prison Grounds. If
any one caught smuggling illegal contraband onto Prison
Grounds and through the Correctional Investigation Division
(C.I.D.) he/she be made to reveal the source (who)
and how he/she came in possession of said contraband, then
the appropriate legal action be taken against a Correctional
Guard or a Contract employee.


(10)   Defendant Evans, due to the fact she did no investigation or
incident report or issue a Rule Violation Report in accordance to
M.D.O.C. Disciplinary Policy S.O.P. #18-01-01, page 14, Section
C-5, she be reassigned to Area One (1) and someone of her
rank be put in her place here in Area 2. That (if) anything
happens to plaintiff for filing this civil Rights Violation Law
Suit against defendant Evans (to include all defendants-MDOC
employees to include defendants Bryant, Hood, or any
other defandant deemed culpable for not guaranteeing
plaintiff's safety here at this Gang Infested Prison facility,
that they be prosecuted to the fullest extent of the law, and
plaintiff be allowed to re-sue them for any damages (physical)
to plaintiff - or if death occurs, plaintiff's sons, and

Page 5 (B) Section VI (Relief - Continued) (7)

family be allowed to sue each defendant seperately for deliberant indifference. Plaintiff be awarded the sum of $5,000.00 against defendant Evans if she is found guilty of violating plaintiff's state and Federal Constitutional Rights.

(11) Plaintiff request a declaration against any state or Federal employee acting under Federal or state law (color of law) that (M.D.O.C. Employees) · violated MDOC Policy 03.03 (the Professional Code of Conduct) for failure to see to it their subordinate staff guarantee plaintiff be protected from physical violence, and for failure to see to it proper measures are taken to screen these violent pronged inmates and to keep them out of the Social General Prison Population.

(12) That the Hon. Court launch its' own independent investigation into why, and how inmates are coming up dead at this Prison Facility- some because of staff neglect to include medical staff, some at the hands of these gang banger gang members beating them so severely they die and the staff cover these henious acts up. These gang members assault inmates here at SMCI-2 almost on a daily basis and nothing is done to the assailants. At times the guards place inmates they do not like in a housing unit full of gang bangers and tell the gang bangers to teach him a lesson,

Page 5 (B) Section III (Relief-Continued)   (8)

thereby beating/stomping/kicking him into a bloody pulp to the point he may live, may die — then the staff lie and cover it up — this is something that needs investigating starting with questioning the medical staff (seize records and review medical files for the past 10 years. This Prison facility has a serious problem with Gang violence and assaults. This statement falls within the Conditions and "privileges" as well as Federal and State Constitutional Rights to be Free From Gang Assaults and violence.

(13)   Plaintiff request this Honorable Court issue a "Gag Order" to all defendants that they are not to discuss the Contents of this Civil Action with anyone. Due to the fact that some of these Prison Guards are Gang Members them- selves they have ties with these Gang Members inside of these prison walls. Plaintiff has already suffered a brutal and vicious assault by inmate Roy Lee because plaintiff wrote to the Heads of State of the Department of Corrections requesting them to do something about the amount and Flow of Contraband coming into this prison facility by prison staff as well as Contract employees coming in on Captian Joy Ross' shift as well as on Defendant Evans shift through the Central Kitchen and Contract employees, i.e. Food Service

Page (5) (B) Section VI (Relief - Continued)     (9)

employees." Somehow Word got out about this to the gang members in Unit C-1 on B-Zone and this is why inmate Roy Lee brutally and viciously assaulted plaintiff on July 21st, 2017 at 1:30 Am. Plaintiff has done nothing wrong to be transferred from SMCI-2. Plaintiff is classified as a Dining Hall Worker and does report to Work each time he is called for Work. Plaintiff is 6 years, 8 months rule violation report free. If it is Known by these Organization Members what plaintiff is trying to get changed at this Prison Facility he may once again be brutally and viciously assaulted by Gang Members here at SMCI-2 at or by directions of these Staff Member Organization Members - mainly defendant Evans - if so everyone involved to include MDOC/SMCI-2 staff be prosecuted under the R.I.C.O. Act and if any involved hold Public Office they be upon conviction be removed from Office, especially defendant Evans. She is affiliated with the Gangster Organization and she is extremely vindictive towards anyone she feels or believes has crossed her or has done her Wrong.

(14) Plaintiff be allowed to Call more than Four (4) witnesses for their testimonies to verify that everything

Page 5 (B)  Section VI  (Relief-Continued)  (10)


plaintiff has stated is true and correct.


(15)   Plaintiff request this Honorable Court have someone
Come to SMCI-2 Prep-Room/Dining Halls "unannounced"
and give it a over-all Health Inspection as to how
the unsanitory Conditions exist daily, e.g. the broken
down appliances, how inmates food is prepared and Carted
to the inmates in the Housing units, the broken down and
Constantly leaking plumbing, the over-all deplorable inhumane
unsanitary Conditions of SMCI-2 Prep Room and Dining Halls.
Said report/inspection be given back to this Honorable Court.


(16)   Due to all of the Complexity of the many many
issues plaintiff request Appointment of Counsel because Counsel
will best serve the interest of this Hon. Court, and plaintiff
as well as all inmates housed at SMCI-2. Plaintiff also
request this 42 U.S.C. Section 1983 Civil Action be classified
as a "Class Action" on behalf of all inmates housed
at SMCI-2. Appointment of Counsel is a must on
behalf of all inmates housed here at SMCI-2. Counsel can best
present to this Honorable Court a more detailed report of the
multiple violations by MDOC/SMCI-2 Staff and the inhumane
Conditions, and the causes of inmate deaths at this prison
facility within the last 10-15 years.

Page 5 (B) Section VI (Relief-Continued)  (11)

(17)  Plaintiff pray that this Honorable Court will allow plaintiff to proceed informa pauperis, and grant plaintiff any other relief deemed appropriate and fair.

(18)  Plaintiff is suing each defendant in their official as well as in their individual Capacity. Plaintiff list below what he request from each defendant :

(1) Defendant Phil Bryant: Whether or not he got a copy of plaintiffs' two letters informing him about the illegal activities on going by his MDoc Prison Staff here at SMCI-2 and why he took No Steps to correct them, (testimony only.)

(2) Defendant Jim Hood: Whether or not he got a copy of the two (2) letters plaintiff wrote to the U.S. Justice Dept. (F.B.I.) and if So why he took no steps to correct the illegal activities on going here at SMCI-2 by M.D.O.C./SMCI-2 Prison Staff and Contract employees. (Testimony Only.)

(3) Defendant Pelicia Hall: Whether or not She got plaintiffs' letter dated September 13th, 2017 and if so why She took No Steps to Correct the multiple Violations plaintiff listed in his letter to her? Plaintiff is suing defendant Hall for the Sum of $500.00 in punitive damages and all Court Cost to include any and all Attorney fees.

(4) Defendant Marshall Fisher: Before he was appointed Commissioner of Public Safety he was M.D.O.C. Commissioner.

Page 5 (B) Section VI (Relief-Continued)   (12)

why he took no measures or steps to correct/rectify the
illegal activities on going here at SMCI-2 - specifically the Gang
Violence on the Correctional staff as well as the inmates, as
well as the smuggling of drugs among cell phones and other
Contraband into SMCI-2 Prison Grounds by M.D.O.C./SMCI-2
Prison Staff as well as state Contract employees. (Testimony
only).

(5) Defendant Jerry Williams: Did he have defendant James Cocksey,
Chief Investigator of C.I.D. here at SMCI-2 report back to
him after defendant Cocksey as well as defendant Houston
came to Area 2 and talk to plaintiff on October 31st, 2017
and if not why? Plaintiff is suing defendant Williams
in his official and individual capacity and seeks $500.00 in
punitive damages, all Court Cost as well as any and all
attorney fees.

(6) Defendant Kinkade: Did he get a copy of the letter
plaintiff wrote to defendant Jerry Williams, on or about
October 15th, 2017 and if so why he did not take
the appropriate steps to see to it these alligations
and claims was not investigated and corrected?
Plaintiff seeks $100.00 in punitive damages against
this defendant, all Court cost, attorney fees as well.

(7.) Defendant Gibson: Did this defendant get a copy
of the letter plaintiff wrote to defendant Williams
dated 10/15/2017 and if so why he took no steps

Page 5 (B) Section VII (Relief-Continued) (13)

to investigate and to do something about the contents of the letter to defendant Williams?

Plaintiff seeks $100.00 punitive damages as well as all Court Cost as well as attorney fees.

(8) Defendants McNeal, Mickens: Did these two defendants receive a Copy each of the letter plaintiff wrote to defendant Williams on 10/15/2017 and if so why they took no steps to investigate or contact the Heads of State to correct plaintiffs claims in defendant Williams letter dated 10/15/2017? Plaintiff seeks $100.00 from each of these defendants in punitive damages, all court cost, attorney fees.

(9) Defendant Taggard: Same as defendants McNeal and Mickens, (to include their testimony.)

(10) Defendant Freeze: Same as defendants McNeal, Mickens, and Taggard.

(11) Defendant Turner: Did or did he not receive a letter (or letters) plaintiff wrote to him on August 27th, 2017 and if so why he did not take the appropriate steps to correct the claims plaintiff alleged on going at SMCI-2 by MDOC/SMCI-2 staff, as well as the central Kitchen? Plaintiff is Suing defendant Turner in his Official as well as in his individual Capacity for his failure to take the proper steps to correct these illegal activities here at SMCI-2. Plaintiff Seeks

Page 5 (B) Section VI  (Relief-Continued)  (14)

$500.00 from defendant Turner, all Court Cost as well as any and all attorneys' fees

(12) Defendant Mississippi Ethics Commission: Did or did not the Mississippi Ethics' Commission receive a copy of the letter to M.D.O.C./ Corrections And Criminal Justice oversight Task Force mailed by Plaintiff's Cousin Barbara Dexter, letter dated October 16th, 2016, Mailed to the Mississippi Ethics' Commission on October 26th, 2016. If so why did the Mississippi Ethics' Commission take action to the plaintiffs' Allegations outlined in this letter? (Plaintiff seeks the testimony of the Miss. Ethics' Commission as to why it took no action.) Plaintiff also wants to know if the defendant Mississippi Ethics' Commission received a copy of a letter plaintiff wrote to Chief, Criminal Section, Civil Rights Division, U.S. Justice Dept., 950 Pennsylvaina Ave., N.W, Washington, D.c. 20530? If so why it failed to take action? Plaintiff mailed this letter to the above address on November 24th, 2017.

(13) Defendant Cooley: Why he failed to do his job and respond to plaintiffs' letter dated October 10th, 2017 and Mailed to him on October 19th 2017, the same day

Page 5 (B) Section VI ( Relief - Continued )   (.15)

plaintiff mailed defendant Lawerences' letter. Plaintiff
wants to know why he failed to process all documents
required to process plaintiffs' A/R/P dated August 8th,
2017. Plaintiff seeks testimony from defendant Cooley,
as well as $500.00 in punitive damages, as well as all
Court cost as well as any and all attorney fees.

(14)  Defendant Banks: Defendant Banks is the superintendent
of SMCI-2. All activities at this Prison Facility is her
responsibility. Plaintiff wrote her a letter dated
September 29th, 2017, attached to this letter was a
A/R/P dated August 8th, 2017 plaintiff had filed
against defendant Evans about the brutal and vicious
assault on plaintiff by inmate Roy Lee. This A/R/P
was processed through the Inmate Legal Assistance
Program ( I.LAP) on August 9th, 2017, not August
8th, 2017. To this very day and date plaintiff has
not received any response to this A/R/P. Plaintiff
wants to know why, and why defendant Banks would
not investigate when plaintiff had followed all A/R/P
steps, due to her failure to take the appropriate steps
to find out why this A/R/P was not handled by
defendant Cooley after plaintiff had written him a letter
asking him why he would not send to the plaintiff the
appropriate paper work/documents for plaintiff to
proceed to Court concerning the brutal and vicious

( Insert )      (page 16-a)

Additional Relief Requested of defendant #16

Anthony Lawrence, III, District Attorney for

the Counties of George, Greene, and Jackson, Mississippi:

   That this Honorable Court issue a directive to
defendant Lawrence to initiate criminal procedings
against inmate Roy Lee pursuant to any and
all applicable laws that govern aggravated assault
with his intentional intent to cause serious
bodily harm upon plaintiff on July 21st, 2018 at
approximately 1:30 Am.

                    S/ David Gray, Pro-Se
                       ( Plaintiff )

Page 5 (B) Section III (Relief - Continued)   (16)

attack on plaintiff on July 21st, 2017. Plaintiff seeks
not only testimony from defendant Banks, plaintiff seeks
$1,000.00 in punitive damages, and all court cost
as well as all attorney fees.

(15)  Defendant Doctor MS. E. Woodland: Testimony only
about the condition she saw herself plaintiffs' face
what inmate Roy Lee did to plaintiff on 7/21/2017.

(16)  Defendant Lawrence: Plaintiff wrote a letter to
defendant Lawrence on October 18th, 2017, sent him
a self addressed stamped envelope for his response
to this letter. Plaintiff never received any kind
of a response to this letter. Defendant Houston
lied to plaintiff, only fossly lead plaintiff on making
plaintiff believe he was going to help plaintiff see
to it inmate Roy Lee be indicted for aggravated
assault and punished for the brutal and vicious
assault he prepertrated on plaintiff on July 21st,
2017. Plaintiff seeks $5,000.00 against this
defendant for his intentional failure to investigate
and prosecute inmate Roy Lee for aggravated assault
on plaintiff, all court cost and attorney fees
assessed to this defendant. (testimony as well.)

(17)  Defendant Cooksey: Plaintiff is suing this defendant
for his failure to conduct a adequate investigation
into the brutal and vicious assault by inmate Roy Lee

Page 5 (B) Section VI (Relief - Continued) (17)

on July 21st, 2017 on plaintiff and Criminal proceedings initiated against this inmate due to the physical damage i.e. broken nose, fracture under left eye, huge laceration above left eye, extreme and Severe Swelling and brusing all over plaintiffs' face, left eye turned solid blood red, Swollen up so bad to the point plaintiff could not see out of it for atleast seven (7) days, Medical records will verify the damage inmate Roy Lee caused plaintiff. Due to defendant Cooksey not pursuing adequate Steps to initiate Criminal proceedings against inmate Roy Lee, why no Rule violation Report was written, plaintiff seeks $500.00 in punitive damages against this defendant for his intentional deliberate indifference towards plaintiff, all Court Cost as well as any Attorney fees incured in this civil action.

(18) Defendant Houston: Plaintiff is suing this defendant for the Sum of $300.00 for lying to plaintiff by telling plaintiff he has enough medical evidence to present to defendant Lawrence for criminal assault charges be brought against inmate Roy Lee, defendant Houston is a Correctional Investigation Department officer and he and defendant Jane Doe worked together when C.I.D. was first notified about the assault on plaintiff.

Page 5 (B)  Section VI  (Relief-Continued)   (18)

Plaintiff also seeks testimony from this defendant.

(19) Defendant Jane Doe: C.I.D. Investigator. Plaintiff
is suing this defendant for $-0- dollars- but
for her testimony about what kind of investi-
gation was conducted by defendant Houston and
his initial findings of fact. about the assault
on plaintiff by inmate Roy Lee.

(20) Defendant Richardson: This defendant is a employee
of the Mississippi Bureau of Investigations. Plaintiff
is suing this defendant in his official as well as in
his individual capacity for his failure to take
action concerning the contents of plaintiffs' letter
to the M.D.O.C./ Corrections And Criminal Justice
Oversight Task Force, and whether or not he received
a copy of the letter plaintiff wrote to the MDOC/
Corrections And Criminal Justice Task Force dated
October 16th, 2016  and if so why he did not take
action to investigate the claims contained therein?
Plaintiff is suing this defendant for the sum of
$300.00 for his failure to act and his intentional
deliberate indifference to the conditions of SMCI-2.

(21) Defendant Mills: Plaintiff is suing this defendant
for his failure to adequately investigate why
plaintiff was placed in a housing unit that
was on lock down when infact plaintiff had
violated No prison rules to be placed in a

Page 5 (B)  Section II (Relief-Continued)  (19)

a housing unit that was on lock-down and denied his privileges he rightly earned through good behavior, defendant mills failure to investigate plaintiff's A)R|P concerning plaintiff's privileges and rehouse plaintiff to a unit more suitable to offenders his age and was not on lock down status because of what MDOC/SMCI-2 staff was smuggling in, i.e. illegal drugs, tobacco, cell-phones, cell phone charges, among free world alcohol. Plaintiff is suing this defendant for the sum of $300.00, all court cost as well as any attorney fees incured to this civil action.

(22)  Plaintiff request that this Honorable Court grant this 42 U.S.C. Section 1983 civil Rights Action against MDOC/SMCI-2, all named defendants, the over-whelming delapidate, unsanitary conditions of the Prep Room/Dining Halls, the MDOC/SMCI-2 staff and contract employees smuggling in huge amounts of illegal contraband (request documentation of the February 3rd, 2018 Major shake Down of the amount of illegal Contraband found at SMCI-2) the level of Gang Violence, SMCI-2 staff failure to address and correct gang violence, MDOC/SMCI-2 Shortage of Guards, among many other Federal and state Law violations, on behalf of all

Page 5 (B) Section VI (Relief - Continued)    (20)

State prisoners this Civil Action be classified as a "Class Action". And appointment of Counsel to be appointed to better serve the ends of justice and to better facilitate this Civil action in this Honorable Court. Brutal and vicious assaults (to include deaths are being committed almost daily at the hands of these gang members (due to the drugs the Staff is smuggling into this prison facility), the drug dealers front the drugs out, the inmates can't pay the gang member for the amount of drugs fronted so they gang up and beat the inmate until he is nearly dead- and in certain cases the inmate subcomes to the brutal and vicious brutal assault - all because of the drugs the Staff smuggle in. The very people entrusted to be Correctional Officers are nothing more than drug dealers acting under the Color of State Law and until this Honorable Court intervenes State and Federal Violations occur daily at SMCI-2 by the Prison Staff! Most inmates are afraid to seek legal help via the Legal system due to the level of gang violence by these gang members per orders of these Prison staff Gang members. Inmates who are not affiliated and is housed at this prison facility Cry out for this Honorable Court help get this prison facility in Compliance

(Page 5) (B) Section $\overline{\text{VI}}$ (Relief - Continued)  (21)

with State and Federal Code.

(23)  Plaintiff wants to recapitulate that he is well over
6½ years Rule Violation Report free. Is classified as
a dining hall work, has not requested for a transfer
and has done Nothing to be transferred from SMCI-2
at the hands of these Vindictive Corrupt prison
guards and Staff. Plaintiff does not want to be
Moved From SMCI-2 because he (on behalf of all
good rule and regulation conforming inmates) is
seeking immediate help from this Honorable Court, and
that the Heads of State and of M.D.O.C./SMCI-2 be
directed that ( Nothing ) best happen to plaintiff
at the hands of these gang members at this prison
Facility, lastly, plaintiff request a Spears Hearing
to better testify to the dilapidated Conditions at
this prison facility, "as well as any other relief deemed
appropriate and just."

End of Relief

S/ David Gray, #01440

Plaintiff / Pro-Se

VII.  **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

South Mississippi Correctional Institute, Area 2.
Post Office Box 1419
Leakesville, Mississippi 39451-1419

B.  Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.  Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes          ⟩ Some No, Some Yes.

☐ No

☐ Do not know

If yes, which claim(s)?   Plaintiffs' A/R/P concerning the assault
was never responded to, plaintiffs A/R/P
concerning the denial of his privileges
was responded to.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose
       concerning the facts relating to this complaint?

       ▓ Yes

       ☐ No

       If no, did you file a grievance about the events described in this complaint at any other jail, prison, or
       other correctional facility?

       ☐ Yes

       ☐ No

E.     If you did file a grievance:

       1.   Where did you file the grievance?

            South Mississippi Correctional Institute, Area 2
            P.o. Box 1419
            Leakesville, Miss.  39451-1419

       2.   What did you claim in your grievance?

            ( See Statement of claims and Facts attached.)

       3.   What was the result, if any?   Defendant Evans never responded to
            Plaintiffs' ARP about the brutal assault, or defendant
            Cooley never processed it. The ARP plaintiff filed about
            his privileges and being locked down due to no institutional rule
            violation all requested relief was denied. (See statement
            of claims and facts attached.)

       4.   What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If
            not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

            Plaintiff appealed step one of his ARP to defendant Banks
            and evaded the truth, thereby denying plaintiff any
            relief. (See Statement of claims and facts attached.)

F.    If you did not file a grievance:

   1.    If there are any reasons why you did not file a grievance, state them here:

   _____

   2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   _____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

   ( All claims, facts are set out in plaintiffs' statement of claims and facts attached and how each defendant is associated to this 42. U.S.C. §1983. )

   *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.    Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☒ Yes

☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Plaintiff cannot remember for it has been atleast possibly 15 years ago - or longer.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) _____

   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3. Docket or index number

   _____

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   _____

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   All plaintiff can remember is that he had 3 42 usc §1983 suits dismissed under the 3 strikes rule, cases being ruled as having No merit or frivolous.

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

   Not since the dismissal of the 3 civil actions in federal courts.

☐ Yes

☒ No

D.      If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s) _____
     Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

     _____

3.   Docket or index number

     _____

4.   Name of Judge assigned to your case

     _____

5.   Approximate date of filing lawsuit

     _____

6.   Is the case still pending?

     ☐ Yes

     ☐ No

     If no, give the approximate date of disposition _____

7.   What was the result of the case? *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

     _____

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   _____

Signature of Plaintiff        *David Randolph Gray, Pro-se*
Printed Name of Plaintiff     *David Randolph Gray*
Prison Identification #        *M.D.o.C. No. 01440*
Prison Address                *SMCI-2, D-1, A-27 / P.o. Box 1419*
                              *Leakesville,       Mississippi   39451-1419*
                                   City              State           Zip Code

### B.   For Attorneys

Date of signing:   _____

Signature of Attorney         _____
Printed Name of Attorney      _____
Bar Number                    _____
Name of Law Firm              _____
Address                       _____
                              _____
                                   City              State           Zip Code
Telephone Number              _____
E-mail Address                _____