IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DAVID RANDOLPH GRAY, # 01440**                                          **PLAINTIFF**

v.                                          CIVIL ACTION NO. 1:18cv152-HSO-JCG

**PHIL BRYANT, JIM HOOD, BRIAN
RICHARDSON, CHRISTOPHER
FREEZE, ANDY GIPSON, BILL
KINKADE, CARL MICKENS, ANDY
TAGARD, ROUN S. MCNEAL,
ANTHONY LAWRENCE, III,
MISSISSIPPI ETHICS COMMISSION,
MARSHALL FISHER, PELICIA
HALL, JERRY WILLIAMS,
JACQUELYN BANKS, ANDREW
MILLS, DAVID TURNER, DR. G.
WOODLAND, JAMES COOKSEY,
OFFICER HOUSTON, JOSEPH
COOLEY, CAPTAIN EVANS, and
JANE DOE**                                                                **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte.   Pro se Plaintiff David Randolph Gray is incarcerated with the Mississippi Department of Corrections.   Gray initiated this action on April 26, 2018, when he mailed his Complaint.

On June 26, 2018, the Court found Gray was not in imminent danger of serious physical injury, denied him permission to proceed *in forma pauperis*, and ordered him to pay the $400 filing and administrative fees by July 26, 2018.   Order Den. *in Forma Pauperis* Status [4] at 2.

On July 20, 2018, Gray filed an Affidavit [5], claiming he is in imminent

danger because of an incident that occurred on June 29, 2018, and also claiming that, because he is bisexual, he will be in imminent danger as long as he remains housed in Area 2 of South Mississippi Correctional Institution.  Pl.'s Aff. [5] at 3-4.  Gray admits he had originally asked the Court not to transfer him from Area 2.  *Id.* at 3.  Finally, Gray ventures that "if" the contents of this civil action leak out, his life would be in danger.  *Id.* at 5.

The Federal Rules of Civil Procedure provide that, a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e).  "'Judgment' as used in these rules includes . . . any order from which an appeal lies."  Fed. R. Civ. P. 54(a).  An order denying *in forma pauperis* status is an immediately appealable order.  *Roberts v. U.S. Dist. Ct.*, 339 U.S. 844, 845 (1950).  Therefore Gray's Affidavit asking the Court to alter the Order Denying *in Forma Pauperis* Status will be considered under Rule 59(e), since the Affidavit was filed within 28 days of entry of the Court's Order.

A Rule 59(e) motion to alter a judgment should not be granted unless there is: (1) an intervening change in controlling law; (2) new evidence that could not have been diligently discovered earlier; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.  *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003); *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003).  Motions for reconsideration are not to be used to relitigate old matters or to present evidence that could have been raised prior to entry of

judgment.  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon Le Torneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)).

Gray now argues he is in imminent danger based upon an incident that occurred more than two months after the Complaint was filed and that, contrary to his previous request to remain in Area 2, he is now in imminent danger there. Finally, Gray speculates that if others learn about this lawsuit, his life will be in imminent danger.  Gray has not demonstrated, however, that the Court erred in determining that he was not in imminent danger of serious physical injury at the time the Complaint was filed.  Gray fails to point to any error of law or fact in the Court's Order Denying *in Forma Pauperis* Status.  Gray presents no other basis for reconsideration under Rule 59(e).

To date Gray has not paid the filing fee, and he states in his Affidavit that he cannot.  Pl.'s Aff. [5] at 5-6.  The Court warned Gray that failure to comply may lead to the dismissal of his Complaint without further notice.  Order Den. *in Forma Pauperis* Status [4] at 6.  The Court has the authority to dismiss an action for a plaintiff's failure to prosecute or to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action sua sponte.  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).

The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  *Id.* at 629-30.  Since Defendants have not been called upon to answer the Complaint or appear in this action, and since the Court has not considered the merits of the claims, the case will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated above, this case is **DISMISSED WITHOUT PREJUDICE** for failure to pay the filing fee and failure to obey an order of the Court.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 16th day of August, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE